_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-02349-FWS-KES | Date: November 25, 2025 |
| Title: Cesar Perez v. General Motors LLC | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [15]**

In this case, Plaintiff Cesar Perez asserts claims against Defendant General Motors, LLC related to an allegedly defective car. (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").) Before the court is Plaintiff's Motion to Remand. (Dkt. 15 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 17 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 18 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for December 4, 2025, is **VACATED** and off calendar. Based on the record, as applied to the relevant law, the Motion is **DENIED.**

I.   **Background**

Plaintiff alleges that on November 26, 2023, he purchased a "2020 GMC Sierra 1500 Double Cab" with a particular VIN number ("Subject Vehicle"). (Compl. ¶¶ 6, 9.) However, the car manifested defects including engine defects that "substantially impair the use, value, and/or safety of Subject Vehicle to Plaintiff." (*Id.* ¶ 12.) "Defendant and/or its authorized service and repair facilities failed to service or repair Subject Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so." (*Id.* ¶ 14.) Plaintiff asserts claims against Defendant for violations of the Song-Beverly Act, breach of the

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-02349-FWS-KES | Date: November 25, 2025 |
| Title: Cesar Perez v. General Motors LLC | |

implied warranty of merchantability, violation of the Magnuson-Moss Warranty Act ("MMWA"), violation of California Uniform Commercial Code, and violation of the Consumer Legal Remedies Act. (*Id.* ¶¶ 8-71.)

In this case, filed on May 12, 2025, Plaintiff seeks "actual damages," "restitution," "a civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," remedies authorized by the California Commercial Code, attorney fees, and prejudgment interest, among other relief. (*Id.* at 14-15 ("Prayer for Relief").)

On April 10, 2025, "as part of the Parties pre-litigation settlement efforts, Plaintiff produced to Defendant and Defendant's counsel a copy of the Subject Vehicles Sales Agreement and all repair orders." (Mot. at 6.) Unable to reach a resolution, Plaintiff filed the case on May 12, 2025, and served Defendant on May 14, 2025. (*Id.* at 6-7.) On July 22, 2025, Defendant filed an answer to the Complaint in state court. (Dkt. 1-2.)

On October 15, 2025, Defendant removed the case to this court. (Dkt. 1 ("Notice of Removal" or "NOR").) Defendant acknowledged the usual thirty-day period for removal, but argued that removal was timely because the Complaint did not give sufficient notice that the complete diversity and amount-in-controversy requirements for diversity jurisdiction were met, and that Defendant only learned those requirements were met after conducting its own investigation. (*Id.* at 2, 6-10.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

_____

_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02349-FWS-KES                                      Date: November 25, 2025
Title: Cesar Perez v. General Motors LLC

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III.   Discussion

Plaintiff moves to remand this case, arguing (1) that Defendant's removal was untimely because the face of the Complaint provided sufficient information to reflect that the case was removable, and (2) that Defendant has not met its burden to show that the amount in controversy is satisfied. (Mot. at 9-16.)

_____

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02349-FWS-KES | Date: November 25, 2025 |
| Title: Cesar Perez v. General Motors LLC | |

**A.   Timeliness**

The deadline for a defendant to remove a case from state to federal court is generally thirty days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1)-(b)(2)(A). But "if the case stated by the initial pleading is not removable," a defendant may remove the case thirty "days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). A "bright-line approach" based on an "objective analysis of the pleadings" governs removability. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). Removability is therefore "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. Only when removability is "unequivocally clear and certain" does the Section 1446(b)(3) thirty-day countdown commence. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

Plaintiff argues that Defendant's removal was untimely because the Complaint stated a claim under the MMWA and provided sufficient information to determine the amount in controversy. (Mot. at 9-14.) "Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022).

In this case, the court finds Plaintiff's Complaint did not make "unequivocally clear and certain" that more than $50,000 is at issue.[1] *See Dietrich*, 14 F.4th at 1091. As explained,

___

[1] Defendant's position is that the amount of controversy under the MMWA should "not include remedies available under the Song-Beverly Act, such as civil penalties." (Opp. at 21.) Defendant relies on *Critney v. National City Ford, Inc.*, which concluded that "all claims" as used within the MMWA for the purposes of calculating the jurisdictional amount in controversy "most likely refers to the sum of all the individual [MMWA] claims," rather than all claims in the lawsuit. 255 F. Supp. 2d 1146, 1148 (S.D. Cal. 2003). The court observes that some courts have followed *Critney*, *see Lou v. Am. Honda Motor Co., Inc.*, 2022 WL 18539358, at *6 (N.D. Cal. Aug. 26, 2022) (collecting cases), while others have expressed skepticism that civil penalties available under the Song Beverly Act should be excluded when assessing the amount

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02349-FWS-KES                         Date: November 25, 2025
Title: Cesar Perez v. General Motors LLC

Plaintiff alleges that she purchased a "2020 GMC Sierra 1500 Double Cab" with a particular VIN number, (Compl. ¶¶ 6, 9), and seeks "actual damages," "restitution," "a civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," remedies authorized by the California Commercial Code, attorney fees, and prejudgment interest, among other relief, (Prayer for Relief). While Plaintiff acknowledges that "Plaintiff's Complaint does not allege a specific monetary relief figure," Plaintiff contends that "it follows logically that the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act, not to mention Defendant's sophistication in the market valuation of the vehicles it manufactures and sells, make it clear that the instant action was removable since Defendant was served with a copy of the Complaint and Summons." (Mot. at 13.)

However, removability is not determined "through subjective knowledge" but rather through an "objective analysis of the pleadings." *Harris*, 425 F.3d at 694, 697. Here, Plaintiff fails to sufficiently allege facts from which the amount in controversy could be determined. *See Andrade v. Gen. Motors LLC*, 2025 WL 3022669, at *2-3 (C.D. Cal. Oct. 28, 2025) (concluding the amount in controversy was not sufficiently alleged where Plaintiff merely alleges the car's VIN and that Plaintiff is seeking "actual damages in an amount according to proof [and] restitution"); *see also Chavarin v. Gen. Motors LLC*, 2025 WL 3030875, at *2-3 (C.D. Cal. Oct. 29, 2025) (finding the amount in controversy was not sufficiently alleged where Plaintiff did not allege "any other facts (*i.e.*, sales price, market value, etc.) that would have given Defendant notice that his claims were worth more than the amount in controversy required under the MMWA").

Contrary to Plaintiff's argument, Plaintiff's pre-suit disclosures do not change this result. (*See* Mot. at 6 ("Pursuant to California Code of Civil Procedure § 871.24 and as part of the Parties pre-litigation settlement efforts, **Plaintiff produced to Defendant and Defendant's**

___

in controversy under the MMWA, *see, e.g., Lavi v. Mercedes Benz USA LLC*, 2025 WL 1843112, at *2 (C.D. Cal. Feb. 7, 2025) ("The Court is skeptical that civil penalties and punitive damages should be excluded from the amount-in-controversy."). However, the court need not resolve this issue in considering the Motion because the Complaint is indeterminate as to the damages.

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02349-FWS-KES | Date: November 25, 2025 |
| Title: Cesar Perez v. General Motors LLC | |

**counsel a copy of the Subject Vehicles Sales Agreement and all repair orders on April 11, 2025**."); Reply at 7 ("Defendant's Opposition completely fails to address a critical, undisputed fact: before Plaintiff[] ever filed this action, Defendant and its counsel already possessed the Subject Vehicle's Retail Installment Sales Contract and all repair orders, pursuant to California Code of Civil Procedure § 871.24.").) "[A]ny document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010). This makes sense: "It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as 'other paper' a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal 'be filed within thirty days after receipt by the defendant' of the 'other paper' would be nonsensical." *Id.* at 885.

The bright-line approach to removability reflects a "[p]refer[ence for] a clear rule" and an "unwilling[ness] to embroil the courts in inquires into the subjective knowledge of a defendant." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). Adopting Plaintiff's position "would vitiate an express purpose of the 'bright-line approach' to removability—'avoid[ing] the spectre of inevitable collateral litigation over . . . whether [a] defendant had subjective knowledge.'" *Wagener v. Hillstone Rest. Grp., Inc.*, 2022 WL 4079260, at *2 (C.D. Cal. Sept. 6, 2022) (quoting *Harris*, 425 F.3d at 697). "To avoid the delay in removal, Plaintiff could have provided more information in the Complaint or attached documents to it, but he chose not to." *Alzghoul v. Mercedes Benz USA LLC*, 2024 WL 112498, at *2 (C.D. Cal. Jan. 10, 2024) (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.")); *see also Kuxhausen*, 707 F.3d at 1141 ("[W]e conclude that BMW was not obligated to supply information which Kuxhausen had omitted.")

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02349-FWS-KES | Date: November 25, 2025 |
| Title: Cesar Perez v. General Motors LLC | |

Because the court concludes the Complaint did not make grounds for removal unequivocally clear and certain, the court does not find removal was untimely. The Motion on timeliness grounds is therefore **DENIED**.

### B. Whether Defendant Has Carried its Burden to Show Jurisdiction

Plaintiff argues in the alternative that Defendant has not met its "heavy burden" of establishing that the amount in controversy is met. (Mot. at 14-16.) The court disagrees. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Plaintiff seeks "actual damages," "restitution," "a civil penalty in the amount of two times Plaintiff's actual damages," "consequential and incidental damages," remedies authorized by the California Commercial Code, attorney fees, and prejudgment interest, among other relief. (Prayer for Relief.)

In the Notice of Removal, Defendant noted that "Plaintiff's allegations are indeterminate as to the amount in controversy because the Complaint fails to provide clear and unambiguous statement as to actual damages composed of what Plaintiff paid less the applicable offsets such as mileage, rebate, negative equity, optional contracts, and unpaid financing," but stated that Defendant's "preliminary investigation" revealed an "estimated [] purchase price for the subject 2020 GMC Sierra 1500 to be $71,587.60" and an "estimated $6,682.47 in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity," making "a plausible estimate of actual damages of $64,905.33." (Dkt. 1 at 5, 10.) "Considering the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees, the amount in controversy meaningfully exceeds $75,000." (*Id.* at 6.) The court finds Defendant met its burden to include in the Notice of Removal "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89; *see, e.g.*, *Gruber v. Gen. Motors LLC*, 2023 WL 6457136, at *2 (C.D. Cal. Oct. 3, 2023) (finding "the Song-Beverly Act claims alone place the amount in controversy above $75,000" when

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02349-FWS-KES                        Date: November 25, 2025
Title: Cesar Perez v. General Motors LLC

"GM alleged in the NOR that the average manufacturer's suggested retail price of [the relevant vehicle] was $38,875").

       With the Opposition, Defendant provided further evidence supporting the amount in controversy, including the Retail Installment Sale Contract, (Dkt. 17-2), and a Vehicle History report reflecting the relevant vehicle's service history, (Dkt. 17-3). The court finds the evidence submitted in the Opposition meets Defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Dart Cherokee Basin*, 574 U.S. at 88-89; (*see generally* Opp.).

       Plaintiff argues that Defendant failed to meet its burden to show the amount in controversy is met in the Notice of Removal and in Opposition because Defendant's "Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiff's actual damages approach or exceed $50,000"; "Defendant's failure to address or calculate the offset renders its damages argument fatally speculative"; and recovery of civil penalties and attorney fees under the Song-Beverly Act are not sufficiently certain to be properly included in the amount-in-controversy calculation. (Mot. at 14-16; *see generally* Reply.) The court is not persuaded. Rather, the court finds Defendant has proffered sufficient allegations in the Notice of Removal and evidence with the Opposition to support its calculation of actual damages and the mileage offset. *See Dart Cherokee Basin*, 574 U.S. at 88-89. And the court does not find civil penalties and attorney fees to be so speculative, uncertain, or insufficiently supported as to undermine the court's conclusion that Defendant has carried its burden. *See id.* Indeed, Plaintiff alleges he is entitled to recover civil penalties, (Prayer of Relief), and "[w]hile courts may need to be wary of punitive damages inflating the amount in controversy as a general concern, not much scrutiny is needed when the Song-Beverly Act expressly states the contours of the damages, and Plaintiff requests that amount." *Zeto v. BMW of North America, LLC*, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020). Accordingly, the court finds "civil penalties are not speculative and should be included." *Id.* Similarly, the court finds attorney fees are properly included in the amount in controversy because Plaintiff seeks them, the Song-Beverly Act provides for recovery of attorney fees, and Defendant's estimate of attorney fees is reasonable and adequately justified. *See* Cal. Civ. Code § 1794(d); *Fritsch*, 899 F.3d at 794; (Prayer of Relief).

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02349-FWS-KES | Date: November 25, 2025 |
| Title: Cesar Perez v. General Motors LLC | |

In sum, the court finds that Defendant has met its burden to plausibly allege in the Notice of Removal and show by a preponderance of the evidence in Opposition that the amount in controversy exceeds $75,000 and complete diversity exists between the parties. *See Dart Cherokee Basin*, 574 U.S. at 88-89. The Motion on this basis is therefore **DENIED**.

**IV.   Disposition**

For the reasons stated above, the Motion is **DENIED**.